FILED
FEB 28 2005
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KARLA APLIN<br>PATRICK APLIN<br><br>  Plaintiffs,<br><br>vs.<br><br>HAYLOFT PROPERTY MANAGEMENT, INC.,<br>d/b/a/ BRIDGEWOOD ESTATES and<br>CARRIAGE GREEN ESTATES,<br><br>  Defendants. | Civ. No.05- 5013 |

Plaintiffs on their own behalf, hereby states as follows.

## JURISDICTION

1. Plaintiffs, Karla Aplin and Patrick Aplin are residents of Rapid City, South Dakota.

2. Defendant Hayloft Property Management, Inc. d/b/a/ Bridgewood Estates and Carriage Green Estates, is a corporation organized under the laws of South Dakota and have places of business in Rapid City, South Dakota and having its principal place of business in Tea, South Dakota.

3. Plaintiffs assert a claim herein which arises under Title VII of the Civil Rights Act of 1964, 42, U.S.C., 2000e-3, thus giving rise to federal question jurisdiction in the Court pursuant to 28 U.S.C., 1331.

4. Plaintiffs also assert a claim herein arising under state law, which state-law claim is so related to Plaintiffs federal law claim as to form part of the same case or controversy under Article III of the United States Constitution, thus giving rise to supplemental jurisdiction in the Court pursuant to 28 U.S.C., 1367.

5. Plaintiffs Karla Aplin and Patrick Aplin have exhausted their administrative remedies and requested and received right to sue letters from the Equal Employment Opportunity Commission dated December 10, 2004.

## THE PARTIES

6. Plaintiff Karla Aplin is an American Indian, enrolled member of the Crow Creek Tribe of Fort Thompson, South Dakota and employed by Defendant from December 20, 2001 until September 12, 2003, as Defendants caretaker.

7. Plaintiff Patrick Aplin is the spouse of Karla Aplin, and employed by Defendant from May 2, 2001 to September 15, 2003, as Defendant's maintenance technician.

8. Defendant is an employer under SDCL 20-13-1(7) of the South Dakota Human Relations Act of 1972 with 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. On information and belief, Defendant has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## BACKGROUND FACTS

9. Plaintiffs duties as Defendant's employees were to assist Bridgewood Estates and Carriage Green Estates in caretaking and maintaining 240 apartment homes.

10. Defendants employee Todd Nordmeyer was notified by Plaintiff Patrick Aplin that sexually explicit material was being circulated in the offices of Defendant, by Defendants employee Duane Grosz in December 2002.

11. The Defendants investigation of the sexual harassment reported by Plaintiff did not begin until the last week of January 2003.

12. Plaintiffs were subject to disciplinary action by Defendant after protected activity of testimonials in January 2003 of sexual harassment, and received transfers, reprimands, write ups and heightened scrutiny of employees performances.

13. Plaintiff Patrick Aplin was transferred to Bridgewood Estates in February 2003.

14. Plaintiff Karla Aplin was reprimanded for engaging in employment duties, (cleaning apartments at the end of February 2003), and failing to vacuum hallways as demanded by Kathy Grosz.

15. Plaintiff Karla Aplin was transferred to Bridgewood Estates March 2003 by Todd Nordmeyer and Gene Uher. Plaintiff was told to transfer or leave the employment of Defendant.

16. Plaintiff Karla Aplin received three separate Employee Warnings written by Defendants employee Jeanie Mohni after sexual harassment testimony.

17. Plaintiff Karla Aplin was written up on an Employee Warning for a confrontation with co-worker, Ron Linton, who was not written up on an Employee Warning.

18. Plaintiff Karla Aplin was terminated by Defendants employee Jeanie Mohni in September 2003.

19. Defendant is in violation of the Equal Pay Act to the intentional probation period of Plaintiff Patrick Aplin after protected activity. Plaintiff was required to wait 45 days after merit review to receive raise. Plaintiffs back pay of probation period not paid by Defendant.

20. Plaintiff Patrick Aplin was terminated by Defendants employee Duane Grosz (the supervisor investigated for sexual harassment) and Jeanie Mohni in September 2003.

## COUNT I
### Retaliation under Title VII-42 U.S.C., 2000-e-3

21. Plaintiff restates each paragraph above and incorporates the same herein by reference.

22. Plaintiffs engaged in protected activity by testifying in the investigation of sexual harassment by Defendants employee.

23. Plaintiffs were retaliated against for this activity by being constructively discharged from their jobs.

24. Plaintiffs constructive discharges were causally related to the protected activity in which Plaintiffs engaged.

25. In retaliating against Plaintiffs, Defendant acted with malice or with reckless indifference to Plaintiffs' federally protected rights.

## COUNT II
### Race discrimination under Title VII of the Civil Rights Act of 1964

26. Plaintiffs restate each paragraph above and incorporates the same herein by reference.

27. Plaintiffs charge discrimination of race and/or association of race by the member enrolled in a Federal recognized tribe whom Defendant retaliated against, and wrongfully discharged after participating in the sexual harassment investigation.

## COUNT III
### Discrimination based on Sex, under Title VII of the Civil Rights Act of 1964

28. Plaintiffs restate each paragraph above and incorporates the same herein by reference.

29. Plaintiff Karla Aplin received an Employee Warning for a confrontation with co-worker Ron Linton who was not formally written up on an Employee Warning.

4

## COUNT IV
### Violation of the Equal Pay Act

30. Plaintiffs restate each paragraph above and incorporates the same herein by reference.

31. Plaintiffs have the right to sue under the EPA. Defendant's demanded Plaintiff wait a 45 day probation period after annual review to receive raise, without back pay.

## COUNT V
### Intentional Infliction of Emotional Distress

32. Plaintiffs restates each above paragraph and incorporates the same herein by reference.

33. Defendant engaged in extreme and outrageous conduct.

34. Defendant, in engaging in such conduct, intended to cause and did cause Plaintiffs severe emotional distress.

35. There was a causal connection between Defendant's conduct and Plaintiffs severe emotional distress.

36. Defendant acted with actual or implied malice.

## PRAYER FOR RELIEF

A. Plaintiffs pray for the following relief:

B. For back pay, front pay, and the value of lost employment benefits, in an amount to be determined by a jury;

C. For damages in an amount to be determined by a jury for emotional distress;

D. For punitive damages: and

E. For costs, prejudgment interest, and attorney's fees.

## PLAINTIFFS DEMAND TRIAL BY JURY

Dated this 28 day of February, 2005.

*Karla Aplin*
Karla Aplin in Pro Se
1906 Jolly Lane
Rapid City, SD 57703
605-716-4242

*Patrick Aplin*
Patrick Aplin in Pro Se
1906 Jolly Lane
Rapid City, SD 57703
605-716-4242